UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.                                                                              DOCKET NO: 1:17-CR-10142-DJC

RAMON GONZALEZ NIVAL

**SENTENCING MEMORANDUM OF RAMON GONZALEZ NIVAL**

Introduction

This memorandum is submitted to assist this Honorable Court as it determines the most appropriate sentence for the crime for which Ramon Gonzalez has pleaded guilty. The undersigned suggests that a sentence of incarceration less than that recommended by the United States Attorney will best meet the interests of justice in this matter. Mr. Gonzalez has been convicted of conspiracy to possess with the intent to distribute various narcotics including fentanyl and re-entering the country after having been deported. Mr. Gonzalez submits the arguments in the enclosed memorandum, and relies in part on the personal and biographical section of the Probation Department's Presentence Investigation Report.

The undersigned states that Ramon Gonzalez is worthy of the opportunity to demonstrate to this Honorable Court, that he can be rehabilitated, and through his extensive support system of family, and most importantly to himself, that he can positively impact his family, community, and provide for his family as a husband, father and son to his father.

Brief Synopsis

Ramon Gonzalez was born and raised in the Dominican Republic. He was raised in an impoverished but loving family. He left school at the age of eight and began working as a farmer with his parents. The defendant met Nilcia Soto in the Dominican Republic and they

have been together for almost 25 years.  They are the parents of four children Patricia, age 22; Santa, age 19; Montserrat, age 11; and Ramon, age 3.  The defendant has lived in Massachusetts for approximately 15 years with Nilcia and his children.  He has worked construction and other jobs to support his family.  The family is very close.  Ramon has had time to reflect on the harm his criminal conduct and punishment will have on his family, especially his younger children.

Ramon has a very close relationship with his father.  He hopes to be able to provide for him upon his release from incarceration.

Ramon faces certain removal and deportation from the United States at the conclusion of the incarcerated sentence he will serve.

## Theories of Sentencing

The matter of imposing an appropriate disposition for defendant is a subject which has bedeviled defendants, jurists and scholars alike since the time of Plato.  A truly effective disposition must take into consideration not only the interests of the defendant and his victim, but the greater interest of the society in which the criminal offense was committed.  "Generally speaking there have been advanced four theories on the basis upon which society should act in imposing penalties upon those who violate its laws.  These are:

1. To bring about the reformation of the evildoer;
2. To effect retribution or revenge upon him;
3. To restrain him physically so as to make it impossible for him to commit further crimes; and
4. To deter others from similarly violating the law."

<u>Commonwealth v. Ritter</u>, Court of Oyer Terminer, Philadelphia, 1939, 13D & C 285, reprinted by Kadish and Paulsen, Criminal Law and its Processes, 3rd Edition 1975.

In an excellent discussion on the various theories of sentencing, Judge Stern in <u>Ritter</u> traces the philosophy of sentencing from its earliest time.  Citing the work of Plato, he states, "no

one punishes those who have been guilty of injustice solely because they have committed injustices, unless indeed he punished in a brutal and unreasonable manner.  When anyone makes use of his reason in inflicting punishment, he punishes, not on account of the fault that has passed, when no one can bring it about that what has been done may not have been done, but on account of the fault to come, in order that the person punished may not again commit the fault and that his punishment may restrain from similar acts those who witnessed the punishment." Judge Stern goes on to take note of the words of Hobbes who wrote "we are forbidden to inflict punishment with any other design than for correction of the offender, or direction of others."

Judge Stern further observed that it is the third theory of sentencing, "mainly that the restraint of the wrongdoer in order to make impossible for him to commit further crimes," that forms the first legitimate basis for sentencing.  He further observed that, "if, therefore, there is a danger that the defendant may again commit crime, society should restrain his liberty until danger be passed…".  Also, it is relevant, when necessary, that the court take into consideration the history of the defendant as well as the circumstances surrounding the crime with which he has been convicted.

The final objective of sentencing is that of deterrence.  It may be stated that this theory holds that the punishment imposed upon a particular defendant is not to be regarded as an end in of itself but rather the means to an end; namely, deterring others from committing crime.  As the theory goes, if a multiple number of prospective offenders may be dissuaded from their criminal acts by their becoming aware of the sentence imposed on a specific defendant, then society's interest in both the punishment and prevention of crime has been satisfied.  Every sentencing Court has a different set of determining factors to consider; each case is unique; just as every defendant is unique.  This Honorable Court's responsibility is to attempt to gain an

understanding of the crimes committed and of the person charged with the commission of those crimes and then fashion a sentence that advances the cause of justice.

## Sentencing Guidelines

The defendant pleaded guilty without a plea agreement and the undersigned respectfully urges the Court to adopt the United States Sentencing Guidelines calculations referenced in his objections to the pre-sentence report.

The undersigned argues that the drug quantity that should be attributed to the defendant is between 400 grams and 1,200 grams of fentanyl. The defendant argues that this drug quantity is supported by the evidence of drug quantities confiscated by law enforcement during the investigation (approximately 450 grams). The attribution to the defendant by the prosecutor of 2 additional kilograms of fentanyl is not supported by the evidence and is speculative. The defendant submits that his drug quantity should be determined to be between 400 grams and 1,200 grams; and thus level 30.

The undersigned argues further that the pre-sentence report is incorrect in its conclusion that the defendant was a supervisor, organizer or leader of criminal activity warranting an aggravating role adjustment pursuant to 3B1.1. The defendant argues that he did not supervise or manage any of the three listed defendants: Julio Baez Gonzalez (Manolo #3), Ruddy Rafael Soto Lara (#4), and Geronimo Gonzalez Nivar (Alexie #5) during the course of the conspiracy; that he did not manage anyone nor hold a supervisor, organizer or leader role during the course of the offense conduct. The defendant argues that each of the three individuals listed as his subordinates in drug activity were in fact involved in illegal narcotics sales independent of the defendant's drug dealing. The defendant submits that while there is evidence that he collaborated on occasion with

each of the three; each co-defendant was involved in their own independent distribution activity with separate customers. In matters that the parties did collaborate; it can hardly be stated that Gonzalez-Nival supervised or managed any of the three co-defendants referenced above.

Based on a lack of evidence to support any conclusion that Gonzalez Nival maintained a supervisory role over others in the conspiracy, the undersigned urges the Court to attribute no aggravating role adjustment

The defendant is also considered to be criminal history category 1 according to the guidelines.

The undersigned submits that the defendant's final base offense level should 27 after factoring in the defendant's acceptance of responsibility.

The Court can also consider the factors referenced in 18 U.S.C. 3553(a) in determining the appropriate sentence. These factors (favorable and unfavorable) include the following information:

**Aggravating factors include**:

There are no aggravating factors that appear to specifically apply to Gonzalez Nival.

**Mitigating factors include:**

Gonzalez has little or no criminal record; The defendant is classified under chapter 4 of the U.S.S.G. as a criminal history category 1;

Ramon Gonzalez is unlikely to re-offend at the conclusion of whatever sentence he will receive; he is presently 41 years old. Empirical studies show that recidivism rates drop significantly for older offenders. (See, American Civil Liberties Union, Article, <u>Elderly Prison Report</u>, p. 21, June 2012);

Ramon has given great thought to how his criminal conduct has now put his wife and family in difficult financial stress as he has been incarcerated for approximately 15 months; and how his further incarceration will affect his family. He loves his wife and children very much; and he is grappling with the harm his criminal actions has had and will have on his family.

There is no evidence that Gonzalez engaged in any violent actions in the charged conduct in this case or that he has a history of the same;

There is no reason to believe that Ramon would likely re-offend considering his personal history, family circumstances and business profession;

The defendant faces mandatory removal from the United States at the conclusion of whatever sentence of incarceration the Court imposes. The defendant will thus be separated from his common law spouse and his children.

And,

In considering the defendant's acceptance of responsibility, lack of record; and by balancing the aggravating and mitigating factors, the undersigned suggests that the lowest possible sentence the Court is authorized to give is the appropriate punishment here.

Analysis and Discussion

To determine whether or not the reformation theory of sentencing applies to the case at bar, the defendant submits that this Court must carefully scrutinize his personal history and determine whether he is a person who is capable of being reformed. Furthermore, the court must determine the appropriate method of reform to be imposed in this case. The defendant submits that by virtue of his age and his unique personal history he is a person who is capable of reform without the need for significantly greater incarceration in the Bureau of Prisons. He has the

support system of family to successfully live a life in service to his father, wife, children and others.

Despite his involvement in the criminal conduct of this case, Ramon Gonzalez has unique skills and attributes that have contributed to significant personal and professional accomplishments in his life. His family history shows that he has been a good son, husband and father.

Understanding the wrongfulness of his actions in being involved in drug sales; Ramon Gonzalez will be able to conform his future conduct to the norms of society.

In summary, Ramon Gonzalez respectfully asks this Honorable Court to find that he is a person who is very much in the process of reform and that the lowest possible sentence is appropriate here.

The defendant further urges this court to turn away from the discredited theory of retribution in determining the appropriate disposition to impose upon him. No legitimate purpose would be served by imposing a term of incarceration which serves merely to exact revenge upon him.

Turning to the restraint theory of sentencing, the defendant submits that there is virtually no danger that he will again be involved in criminal activity during the course of his lifetime. He urges this Honorable Court to find that a sentence substantially less than that contemplated by the Guidelines; and less than that recommended by the prosecution, is appropriate and will restrain him from committing further crimes.

The undersigned states that such a sentence will appropriately punish Ramon Gonzalez and satisfy all elements of fairness and reducing disparity.

Conclusion

The undersigned respectfully urges this Honorable Court to carefully weigh and consider all of the appropriate factors as described above in arriving at an appropriate disposition.

> Respectfully submitted,
> **Ramon Gonzalez Nival,**
> by his lawyer,

Date: September 17, 2018         /s/ William Keefe
**William Keefe**
**BBO # 556817**
801C Tremont Street
Boston, MA 02118
Telephone: (617) 442-9201
Facsimile: (617) 445-8002

**CERTIFICATE OF SERVICE**

I, William Keefe, hereby certify a copy of the attached Defendant's Sentencing Memorandum was electronically filed with the United States Attorney, United States Attorney's Office, 1 Courthouse Way, Boston, Ma 02210, today, September 17, 2018.

/s/William Keefe